# Richmond

## FIVE LAKES, INC. v. RANDALL, INC.

June 11, 1973.

Record No. 8122.

Present, All the Justices.

*James R. Scott, Jr.* (*White, Cabell, Paris & Lowenstein,* on brief), for plaintiff in error.

*W. Kendall Lipscomb, Jr.* (*Taylor, Hazen, Bryant & Kauffman,* on brief), for defendant in error.

Per Curiam.

This case involves a contract between plaintiff, Randall, Inc., and defendant, Five Lakes, Inc., under which plaintiff was to construct a golf course for defendant at a cost of $181,310. Plaintiff brought an action for damages claiming defendant had breached the contract by failing to meet the payment schedule and to provide materials as required by the agreement. Defendant filed a counterclaim asserting that plaintiff had breached the contract by failing to meet the completion schedule set up in the agreement.

The trial court ruled as a matter of law that defendant had breached the contract by failing to meet the payment schedule and entered summary judgment in favor of plaintiff on the counterclaim. The court submitted plaintiff's case to the jury on a *quantum meruit* basis by granting *sua sponte* an instruction permitting plaintiff to recover "a reasonable sum" for work performed "under the contract." The jury returned a verdict in favor of plaintiff, and final judgment was entered in the sum of $46,523.38.

Defendant contends that the trial court erred in entering summary judgment in favor of plaintiff on the counterclaim and in submitting plaintiff's case to the jury on a *quantum meruit* basis.

We are of opinion that the court erred in its ruling on defendant's counterclaim. The evidence was in conflict on the question whether plaintiff breached the contract by failing to meet the completion schedule called for by the agreement or whether defendant committed a breach by failing to comply with the payment schedule or to pay for materials. It was for the jury, not the trial court, to resolve this conflict.

We further believe that the court also erred in submitting plaintiff's case to the jury on a *quantum meruit* basis. Plaintiff's case was brought and tried for breach of an express contract and not for the reasonable value of work done under an implied contract. *Griffin v. Rainer*, 212 Va. 627, 186 S.E.2d 10 (1972).

Accordingly, the judgment appealed from is reversed, and the case is remanded for a new trial.

*Reversed and remanded.*